# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN E. GRIFFIN,<br><br>   Plaintiff,<br><br> v.<br><br>DAVID LONG, et al.,<br><br>   Defendants. | 1:15-cv-01361-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 6) |

## I. Background

Plaintiff Damian E. Griffin ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

Plaintiff's motion for a preliminary injunction, filed November 30, 2015, is currently before the Court. (ECF No. 6.) No defendants have been served or appeared, and thus no response is necessary. Local Rule 230(l).

## II. Motion for Preliminary Injunction

Plaintiff seeks for the Court to issue an order to show cause as to why a preliminary injunction should not issue pursuant to Federal Rule of Civil Procedure 65(a) enjoining the following employees at the California City Correctional Facility ("CCCF"):  (1) David Long, Warden; (2) Richard Anti, Chief Deputy Warden; (3) Kristina Hill, Senior Accounting Officer Supervisor; (4) E. Franklin, Associate Warden Business Services; (5) K. Washington,

Accounting Trainee; and (6) L. Hartin, Accounting Staff. Plaintiff seeks for these CCCF staff persons, and their successors-in-office, agents, and employees and all other persons acting in concert and participation with them from deducting funds from Plaintiff's prison account without statutory authority. Plaintiff also seeks for $102.83 to be refunded to him, which was deducted on June 9, 2015. Plaintiff seeks for the injunction against any deductions on his prison account to continue until the Court rules on this case.

### A.     Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

As an initial matter, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

### B.     Discussion

Plaintiff seeks a preliminary injunction ordering prison officials to cease deductions from his prison account. However, Plaintiff has not met the requirements for this relief. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In this matter, the Court will issue in conjunction with this order a screening order dismissing Plaintiff's complaint for the failure to state a claim. Although, out of an abundance of

1  caution, the Court will grant Plaintiff leave to amend, this case does not yet proceed on any
2  cognizable claims. No defendant has been ordered served and no defendant has yet made an
3  appearance. At this juncture, the Court lacks personal jurisdiction over the prison officials, and it
4  cannot issue an order requiring them to take any action.

**III.      Conclusion and Order**

For the reasons explained above, the Court HEREBY ORDERS that Plaintiff's Motion for Preliminary Injunction, filed November 30, 2015 (ECF No. 6), is DENIED.

IT IS SO ORDERED.

Dated:   **August 15, 2016**               /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE