1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN E. GRIFFIN,<br><br>                Plaintiff,<br><br>    v.<br><br>DAVID LONG, et al.,<br><br>                Defendants. | 1:15-cv-01361-BAM (PC)<br><br>SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Damian E. Griffin ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

Plaintiff's complaint, filed September 4, 2015, is currently before the Court for screening. (ECF No. 1.)

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.      Plaintiff's Allegations

Plaintiff is currently incarcerated at the California City Correctional Facility ("CCCF"), where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants, all employed at CCCF:  (1) David Long, Warden; (2) Richard Anti, Chief Deputy Warden; (3) Kristina Hill, Senior Accounting Officer Supervisor; (4) E. Franklin, Associate Warden Business Services; (5) K. Washington, Accounting Trainee; and (6) L. Hartin, Accounting Staff.

Plaintiff alleges as follows:  On April 27, 2015, Plaintiff left his former institution, the Tallahatchie County Correctional Facility, in Tutwiler, Mississippi. On April 29, 2015, Plaintiff was process at CCCF. At the time of Plaintiff's transfer, his prison trust account held $205.66.

///

On May 30, 2015, Plaintiff received a $50.00 deposit in his trust account. Immediately after, a $25.00 direct order fee was deducted, as well as a $2.50 administrative fee.

On June 4, 2015, Plaintiff received a $30.00 deposit in his trust account. Immediately after, a $15.00 direct order fee was deducted, as well as a $1.50 administrative fee.

On June 8, 2015, an interest payment of $.02 was deposited in Plaintiff's trust account via the CDCR. Immediately after, a $0.01 direct order fee was deducted.

On June 9, 2015, Plaintiff received a $60.00 deposit in his trust account via J-Pay. Immediately after, a $30.00 direct order fee was deducted, as well as a $3.00 administrative fee.

On June 9, 2015, Plaintiff received an inmate deposit via funds that were already in his trust account in Mississippi. These funds did not transfer with Plaintiff on April 29, 2015. The only thing that transferred was his personal property. Immediately after, a $102.83 direct order fee was deducted, as well as a $10.28 administrative fee.

Plaintiff claims that Accounting Trainee Washington and Senior Accounting Officer Supervisor Hill deprived him of his liberty interest by deducting a total of $190.14 in direct order and administrative fees out of his inmate account without due process. Defendants stated that the direct order was from a previous conviction in 1992-94. Defendants are relying on an abstract judgment from 1993/1994, as well as minute orders.

According to Plaintiff, he has been discharged from parole for the prior conviction, and therefore does not owe any of the restitution. Plaintiff further contends that the Adult Offender's Guide to Restitution manual written by CDCR provides that when you discharge from parole, the Victim's Compensation Government Claims Board will refer you to the Franchise Tax Board for collections. Plaintiff did a UCC database search of his name and the search turned up no tax board liens. Plaintiff alleges CDCR is acting as a collection agency, which is not its function under the Fair Debt Credit Practices Act, 15 U.S.C. §§ 1692(f), (g).

Plaintiff seeks declaratory judgment, a preliminary and permanent injunction ordering the defendants to cease deducting funds from his account, compensatory and punitive damages, plus costs of suit.

///

1    **III.**    **Discussion**

2         **A.  Supervisory Liability and Linkage**

3         As a threshold issue, under § 1983, Plaintiff must link the named defendants to the

4    participation in the violation at issue. Iqbal, 129 S. Ct. at 1948–49; Simmons v. Navajo County,

5    Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing, 588 F.3d at 1235; Jones v. Williams, 297

6    F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of

7    respondeat superior, Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235, and administrators

8    may only be held liable if they "participated in or directed the violations, or knew of the

9    violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

10   accord Starr, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales, 567 F.3d at 570; Preschooler II v.

11   Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.

12   Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be

13   attributable to defendants and while the creation or enforcement of, or acquiescence in, an

14   unconstitutional policy may support a claim, the policy must have been the moving force behind

15   the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914–15 (9th Cir. 2001);

16   Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991); Hansen v. Black, 885

17   F.2d 642, 646 (9th Cir.1989).

18        Although Plaintiff has named Warden Long, Chief Deputy Warden Anti, Associate

19   Warden of Business Services Frankly, and Accounting Staff Hartin, he has not made any

20   allegations against any of these defendants. To the extent Plaintiff attempts to hold any defendant

21   liable based solely on a position of authority, he cannot do so. Plaintiff has not alleged any facts

22   linking these defendant to acts or omissions showing that the defendant participated in or

23   directed the violation of any of his Constitutional rights, or that they knew of the violations and

24   failed to prevent them. Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235. Plaintiff will be

25   granted leave to amend these deficiencies.

26        **B.  _Heck_ Bar**

27        Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994),

28   provides that in order to recover damages for an allegedly unconstitutional conviction, or for

other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. See also Guerrero v. Gates, 442 F.3d 697, 703–04 (9th Cir. 2006). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1248, 161 L. Ed. 2d 253 (2005). Thus, if a plaintiff's claims implicate the validity or duration of his incarceration, he may pursue them only if he can demonstrate that any disciplinary conviction has been invalidated, Heck 512 U.S. at 489.

Plaintiff appended numerous exhibits to his complaint. These documents show that at the time of the complained-of deductions, Plaintiff owed a restitution fine related to case number LA015227. (ECF No. 1, pp. 31-33.) Plaintiff has also attached an abstract judgment in Case No. LA015227, dated December 14, 1993, from the Municipal Court of California, Los Angeles Judicial District. That abstract judgment reflects that Plaintiff was sentenced to pay a restitution fine in the sum of $30,100.00, as well as other punishments, due to his criminal conviction in that matter. (Id. at pp. 47.) The judgment states that the restitution fine is imposed pursuant to California Government Code § 13967(a). Plaintiff's documentation further shows that each of the complained-of deductions from his inmate trust account were deducted as payments for this restitution fine in Case No. LA015227, with a balance still owed. (Id. at 60.)

As pleaded, Plaintiff challenges the validity of deducting a restitution fine from his trust account under the judgment in Case No. LA015227 of the Los Angeles Municipal Court. Plaintiff alleges that the restitution fine was "discharged" because he completed parole for the conviction underlying that judgment. This allegation is undermined by Plaintiff's own complaint attachments and the applicable law. Plaintiff alleges that he relies on the Adult Offender's Guide to Restitution manual written by CDCR, and he has attached portions of that manual to his complaint. That manual provides, in pertinent part:

///

Restitution <u>never</u> goes away. Even if you declare bankruptcy you will still owe restitution [see Federal Statute 11 USC § 523(a)(7)]. If you do not make a good faith effort to pay your restitution while on parole your parole agent may refer your case to the Franchise Tax Board for collection. If you still owe restitution when you discharge from parole, the Victim's Compensation Government Claims Board <u>will</u> refer you to the Franchise Tax Board for Collections.

…

The California Department of Corrections and Rehabilitation <u>automatically</u> collects 50 percent of prison wages or other money deposited into your trust account to pay your restitution.

…

The California Department of Corrections and Rehabilitation keeps 10 percent of all restitution payments as the Administrative Fee (see Penal Code § 2085.5) to pay for the cost of collecting and distributing the payments. Voluntary payments made on behalf of inmates are exempt from the fee.

(ECF No. 1, pp. 53-54.) Contrary to Plaintiff's allegations, his own documentation provides that restitution never goes away, and his obligation to pay restitution under the prior judgment does not cease merely because he has been discharged from parole. The referral to the Franchise Tax Board for Collections is one avenue by which the restitution may be collected.

As further explained in the guide Plaintiff relies upon, another method of collection is through automatic deductions from deposits into inmate trust accounts by the CDCR. These deductions are subject to an administrative fee. The relevant California Penal Code section cited in the guide, section 2085.5, requires the CDCR to make these deductions. That section provides as follows:

(a) In any case in which a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4, the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation Board for deposit in the Restitution Fund in the State Treasury. The amount deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of the payments.

Cal. Penal Code § 2085.5(a) (West 2016). The California courts have also made clear that a restitution fine survives discharge from probation or parole. See, e.g., People v. Guillen, 218 Cal. App. 4th 975, 989, 160 Cal. Rptr. 3d 589, 597 (2013) (restitution fines survive the end of a probation or parole, whether "terminated negatively (e.g., revocation) or positively (successfully completed)").

Consequently, Plaintiff may not challenge his criminal conviction, including the restitution fine imposed in a judgment for that conviction, in this action, unless Plaintiff can allege in good faith that the conviction was overturned or is otherwise invalid. Otherwise, this challenge is barred by Heck. Plaintiff will be given leave to cure this deficiency to the extent that he can do so in good faith.

**IV.**    **Conclusion and Order**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within **thirty (30) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.

*///*

"All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed September 4, 2015, is dismissed for failure to state a claim;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4.     **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **August 15, 2016**                    _/s/ Barbara A. McAuliffe_
                                                              UNITED STATES MAGISTRATE JUDGE

8