# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN E. GRIFFIN,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID LONG, et al.,<br><br>    Defendants. | 1:15-cv-01361-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |

Plaintiff Damian E. Griffin ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

On August 15, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on August 25, 2016, is currently before the Court for screening. (ECF No. 9.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently incarcerated at the California City Correctional Facility ("CCCF"), where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants, all employed at CCCF: (1) K. Washington, Accounting Trainee; (2) Kristina Hill, Senior Accounting Officer Supervisor; and (3) L. Hartin, Accounting Staff.

Plaintiff alleges as follows: On April 27, 2015, Plaintiff left his former institution, the Tallahatchie County Correctional Facility, in Tutwiler, Mississippi. On April 29, 2015, Plaintiff was processed at CCCF.

On June 9, 2015, funds in the amount of $205.66 were transferred from Plaintiff's trust account in Mississippi to his trust account in California. On the same date, a $102.83 direct order fee was deducted by defendants. Plaintiff claims that this deduction violated his rights and deprived him of his liberty interest. Plaintiff asserts that funds already in his prison account are not subject to any restitution or direct order, and it is only funds that are sent from an outside source that are subject to any deductions. Plaintiff used the internal request and grievance procedure without recourse. Plaintiff further claims that he was denied due process when he was given no way to dispute the action taken by defendants before the funds were deducted from money already deposited in his account.

Plaintiff seeks compensatory and punitive damages, plus costs of suit.

**III. Discussion**

In his amended complaint, Plaintiff is not challenging the propriety of any restitution order or that he owes restitution. Instead, Plaintiff claims that defendants improperly deducted restitution amounts from funds not subject to such deduction. Plaintiff asserts that only funds from "an outside source" are available for a deduction.

According to exhibits attached to his complaint, California Penal Code section 2085.5 governs deductions by the California Department of Corrections and Rehabilitation for the restitution fines at issue. In relevant part, section 2085.5 states:

> If a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4 of this code, the secretary shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent **from the wages and trust account deposits of a prisoner**, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation Board for deposit in the Restitution Fund. The amount deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of the payments.

Cal. Penal Code § 2085.5(a) (West 2017) (emphasis added). Based on the language of section 2085.5(a), deductions for restitution fines may be taken from wages and deposits in a prisoner's

trust account regardless of the source of those funds. Plaintiff therefore cannot maintain a claim that the funds in his trust account on June 9, 2015, were not subject to deduction for restitution fines.

Additionally, to the extent Plaintiff challenges the result of his administrative appeals, he may not do so. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff has been unable to cure the deficiencies identified by the Court, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: **May 2, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE