# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN E. GRIFFIN,<br><br>        Plaintiff,<br><br>  v.<br><br>LONG, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01361-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Damian E. Griffin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The original complaint was filed in this action on September 4, 2015. Plaintiff challenged the validity of deducting a restitution fine from his trust account pursuant to a prior criminal conviction. (ECF No. 1.) On September 14, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

On August 15, 2016, a screening order was entered, finding Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint. (ECF No. 8.)

///

1

On August 26, 2016, Plaintiff filed a first amended complaint. (ECF No. 9.) Rather than challenging the propriety of any restitution order or that he owed restitution, Plaintiff's first amended complaint alleged that defendants improperly deducted restitution amounts from funds not subject to such restitution. Plaintiff alleged that only funds from "an outside source" are available for a deduction. On May 3, 2017, an order was entered, finding that the first amended complaint also failed to state any claims for relief. This action was then dismissed for failure to state a cognizable claim. (ECF No. 10.) Plaintiff appealed.

On January 25, 2018, this action was vacated and remanded the action to this Court. (ECF No. 17.) Specifically, the Ninth Circuit reviewed *de novo* whether the undersigned validly entered judgment on behalf of the district court. The Ninth Circuit found that because Plaintiff's action was dismissed before the named defendants had been served, and "all parties, including unserved defendants, must consent to proceed before the magistrate judge for jurisdiction to vest, Williams v. King, 875 F.3d 500, 503–04 (9th Cir. 2017)," the undersigned's May 3, 2017 order was vacated and remanded for further proceedings. (Id. at 2.) The Ninth Circuit issued its mandate on February 16, 2018. (ECF No. 18.)

Based on the foregoing, Plaintiff's first amended complaint, filed on August 26, 2016, is currently before the Court for screening.

**II.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### A. Plaintiff's Allegations

Plaintiff is currently incarcerated at the California City Correctional Facility ("CCCF"), where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants, all employed at CCCF: (1) K. Washington, Accounting Trainee; (2) Kristina Hill, Senior Accounting Officer Supervisor; and (3) L. Hartin, Accounting Staff.

Plaintiff alleges as follows: On April 27, 2015, Plaintiff left his former institution, the Tallahatchie County Correctional Facility, in Tutwiler, Mississippi. On April 29, 2015, Plaintiff was processed at CCCF.

On June 9, 2015, funds in the amount of $205.66 were transferred from Plaintiff's trust account in Mississippi to his trust account in California. On the same date, a $102.83 direct order fee was deducted by defendants. Plaintiff claims that this deduction violated his rights and deprived him of his liberty interest. Plaintiff asserts that funds already in his prison account are not subject to any restitution or direct order, and it is only funds that are sent from an outside source that are subject to any deductions. Plaintiff used the internal request and grievance procedure without recourse. Plaintiff further claims that he was denied due process when he was given no way to dispute the action taken by defendants before the funds were deducted from

money already deposited in his account.

Plaintiff seeks compensatory and punitive damages, plus costs of suit.

**B.      Discussion**

In his amended complaint, Plaintiff is not challenging the propriety of any restitution order or that he owes restitution. Instead, Plaintiff claims that defendants improperly deducted restitution amounts from funds not subject to such deduction. Plaintiff asserts that only funds from "an outside source" are available for a deduction.

According to exhibits attached to his complaint, California Penal Code section 2085.5 governs deductions by the California Department of Corrections and Rehabilitation for the restitution fines at issue. In relevant part, section 2085.5 states:

> If a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4 of this code, the secretary shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent **from the wages and trust account deposits of a prisoner**, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation Board for deposit in the Restitution Fund. The amount deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of the payments.

Cal. Penal Code § 2085.5(a) (West 2017) (emphasis added). Based on the language of section 2085.5(a), deductions for restitution fines may be taken from wages and deposits in a prisoner's trust account regardless of the source of those funds. Plaintiff therefore cannot maintain a claim that the funds in his trust account on June 9, 2015, were not subject to deduction for restitution fines. The Ninth Circuit has held that "California Penal Code § 2085.5, requiring the California Director of Corrections to make deductions from the wages and trust account deposits of prisoners for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims." <u>Craft v. Ahuja</u>, 475 Fed.Appx. 649, 650 (9th Cir. 2012), citing <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.")

4

Additionally, to the extent Plaintiff challenges the result of his administrative appeals, he may not do so. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### III. Conclusion and Order

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint fails to correct the deficiencies identified in the order dismissing the original complaint. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 20, 2018**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE